■ RENEE GILL et al., Appellants, v COUNTY OF SUFFOLK, Respondent, et al., Defendants. (Action No. 1.) ANITA M. SLATER, Appellant, v TOWN OF BROOKHAVEN, Defendant, and COUNTY OF SUFFOLK, Respondent. (Action No. 2.) RENEE GILL et al., Appellants, v PAV-CO ASPHALT, INC., Respondent. (Action No. 3.) ANITA M. SLATER, Appellant, v PAV-CO ASPHALT, INC., Respondent. (Action No. 4.) (And a Third-Party Action.) [672 NYS2d 354] —In four related actions to recover damages for personal injuries, etc., the plaintiffs in Actions No. 1 and 3, Renee Gill and Merrill Gill, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated April 11, 1997, as granted the motion of the defendant Pav-Co Asphalt, Inc., for summary judgment dismissing

the complaint in Action No. 3 and, upon searching the record, *sua sponte,* granted summary judgment to the defendant County of Suffolk dismissing the complaint insofar as asserted against it in Action No. 1. The plaintiff in Actions No. 2 and 4, Anita Marie Slater, separately appeals from stated portions of the same order.

Ordered that the appeal of the plaintiff Anita Marie Slater is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Renee Gill was injured when the automobile in which she was a passenger allegedly drove into a "hole and ditch" in the road, causing the driver to lose control of the vehicle and drive into a tree. Although the complaint alleged that the accident occurred as a result of a "hole and ditch" in the road, the plaintiffs Renee Gill and Merrill Gill failed to present any evidence to establish the existence of such a defect. To the contrary, the evidence shows that there was no such defect in the road. In this respect, the police report makes no note of any defective road condition. Rather, the police report states that the "operator states that brake failed causing her to lose control of vehicle". Moreover, the injured plaintiff's husband, Merrill Gill, testified that he viewed the accident scene, but could find no potholes. Similarly, employees of both the defendant County of Suffolk and the defendant Pav-Co Asphalt, Inc., testified that they inspected the area and could find no dangerous condition. Accordingly, the defendants County of Suffolk and Pav-Co Asphalt, Inc., are entitled to summary judgment. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.